UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 20, 2019

LETTER TO COUNSEL

   RE: *Rebecca B. v. Commissioner, Social Security Administration*;
     Civil No. SAG-18-3356

Dear Counsel:

  On October 30, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Plaintiff filed her claims for benefits on December 10, 2015, alleging an onset date of November 15, 2013. Tr. 212-20. Her claims were denied initially and on reconsideration. Tr. 117-24, 127-30. A hearing was held on November 7, 2017, before an Administrative Law Judge ("ALJ"). Tr. 30-58. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-24. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

  The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine; hypertension; diabetes mellitus; obesity; hepatitis; major depressive disorder; and posttraumatic stress disorder (PTSD)." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stoop and occasionally climb ladders, ropes, and scaffolds; she is able to remember and carry out short and simple instructions and tasks in a routine work setting; and she can tolerate occasional interaction with coworkers, supervisors, and the public.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in

significant numbers in the national economy. Tr. 22-24. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 24.

Plaintiff makes five primary arguments on appeal: (1) that the ALJ's analysis of Plaintiff's limitations in concentration, persistence, or pace was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ's analysis of Plaintiff's limitations in interacting with others was flawed; (3) that the ALJ improperly assessed the medical opinion evidence; (4) that the ALJ failed to resolve apparent conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT"); and (5) that the ALJ erred at step two of the sequential evaluation when determining Plaintiff's cataract-related vision issues were not severe. Although most of Plaintiff's arguments lack merit, I agree that the ALJ's opinion did not comport with *Mascio*, and I therefore remand the case for further analysis.

First, Plaintiff argues that the ALJ's RFC analysis of Plaintiff's limitations in concentration, persistence, or pace failed to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2018).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. Tr. 17. The ALJ's analysis stated:

> The claimant reported problems with concentration and completing tasks. However, examinations have not shown ongoing problems in this area. Although she was unable to perform serial sevens at the consultative examination in August 2016, serial sevens were noted to be within normal limits at an examination in December 2016. Additionally, the consultative examiner noted that the claimant showed "great focus" during the interview and was able to spell "world" backwards.

Tr. 17 (internal citations omitted). In the RFC analysis, the ALJ included further discussion of the records cited to in the paragraph B analysis, particularly the 2016 consultative examination performed by Dr. King. Tr. 20. The ALJ again noted Plaintiff's poor performance on "serial sevens" and a word recall test. Tr. 20. The ALJ also quoted Dr. King's statement that Plaintiff showed "great focus and a need to please and follow all directions to the point of perfection." Tr. 20. The ALJ further noted that Dr. King made a diagnosis of malingering. Tr. 20. In weighing the opinion of Dr. King, the ALJ noted that Dr. King opined that Plaintiff did not have any limitations in, among other areas, sustained concentration, or persistence. Tr. 21. However, the ALJ assigned Dr. King's opinion only "partial weight," because although it was "based on a detailed examination" and "generally consistent with the record as a whole," the ALJ believed that "some mental limitations are supported by the record as a whole." Tr. 21. The ALJ also discussed treatment notes from Dr. Saeed, Plaintiff's treating psychiatrist, including notations of intact concentration, improved performance on both "serial sevens" and object recall, and a mini-mental state examination indicating normal cognition. Tr. 20. Although Dr. Saeed opined that Plaintiff had marked limitation in areas such as "the ability to perform within a schedule, the ability to sustain an ordinary routine without special supervision, [and] the ability to complete a normal workday or workweek without interruptions," the ALJ assigned Dr. Saeed's opinion "little weight," because it was "not supported by the medical evidence." Tr. 21-22.

The restriction to "short and simple instructions and tasks" in this case is directly analogous to the limitations deemed insufficient in *Mascio*. *Mascio*, 780 F.3d at 638 (quoting *Winschel,* 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Mascio*, 780 F.3d at 638. The ALJ has not provided such an explanation here. The mental health treatment history discussed by the ALJ in the RFC analysis could theoretically be marshalled to make a finding of less than moderate limitations in concentration, persistence, or pace. However, the ALJ does not make any clear findings on this issue in the RFC, and his discussion does not clarify how the RFC can be reconciled with his earlier finding that Plaintiff had a moderate limitation in concentration, persistence or pace. Without an adequate analysis provided by the ALJ on this issue, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's remaining arguments, however, are less persuasive. First, Plaintiff attempts to apply the relevant reasoning of *Mascio* to the paragraph B area of interacting with others. However, the ALJ limited Plaintiff to "occasional interaction with coworkers, supervisors, and the public." Tr. 18. That limitation is consistent with the ALJ's earlier finding of a moderate limitation in interacting with others, Tr. 17, and Plaintiff had not successfully argued that the ALJ's analysis supporting that finding was inadequate. Additionally, Plaintiff's argument that the limitation to only occasional interaction would somehow still require her to interact eight hours a day for five days a week, ECF 15-1 at 17-18, is perplexing and unavailing.

Next, Plaintiff argues that the ALJ improperly evaluated the medical opinion evidence. In particular, Plaintiff disagrees with the assignments of weight to the opinions of the State agency examiners and Dr. Saeed. However, in reviewing the ALJ's RFC analysis as a whole, the reasons that the ALJ offered for those assignments of weight sufficed and were supported with substantial evidence. The ALJ supported his finding that Dr. Saeed's opinion was not consistent with the medical evidence by citing to particular examination notes from Dr. Saeed, which conflicted with his opinion indicating marked limitations. Tr. 22.

Plaintiff's next argument is that the ALJ failed to resolve apparent conflicts between the VE's testimony and the DOT. The SSA concedes that two out of the three representative occupations offered by the VE require a Reasoning Level 2, which is in apparent conflict with the finding that Plaintiff only has the ability "to remember and carry out short and simple instructions." ECF 18-1 at 16 n.16 (citing *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019)). However, the third representative occupation, housekeeping, requires only a Reasoning Level 1. U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 323.687-014 (4th ed. 1991). A claimant is not disabled if she is able to engage in "work which exists in significant numbers either in the region

where [the claimant] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). Thus, even though the ALJ failed to resolve an apparent conflict regarding the other two occupations, that error was harmless, because the other identified occupation of housekeeping (with 138,000 jobs nationally), Tr. 23, exists in significant numbers. *See Lawler v. Astrue*, Civil Action No. BPG-09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that where only 75-100 jobs existed in the region where plaintiff lived did "not undermine the ALJ's conclusion that plaintiff [was] capable of performing work that exists in significant numbers in the national economy.") (citing *Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number)). However, on remand, the ALJ can consider revising any step-five analysis, which may include eliciting an explanation from a VE regarding an apparent conflict, such as that identified in *Thomas*, 916 F.3d at 313-14.

Plaintiff also argues that an apparent conflict existed between the VE's testimony and the DOT because the portions of the hypotheticals relating to time off task, missed days of work, and social interaction are not discussed in the DOT.[1] However, the fact that the VE addressed factors not discussed by the DOT does not mean that an apparent conflict exists. In *Pearson v. Colvin*, the Fourth Circuit rejected the claimant's contention that the ALJ has a responsibility to identify and resolve "all possible conflicts," because to do so would "require the ALJ to do more than simply compare the express language of the [DOT] and the [VE]'s testimony, and would allow the claimant to nitpick an ALJ's or expert's word choice on appeal." *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015). Accordingly, Plaintiff's argument that the ALJ has a duty to resolve a "conflict" when the VE testimony addresses factors on which the DOT is silent exceeds the scope of the ALJ's duty to resolve apparent conflicts, as delineated by the Fourth Circuit in *Pearson*.

Finally, Plaintiff argues that the ALJ erred at step two by finding that Plaintiff's decreased vision was not a severe impairment. The ALJ cited evidence that Plaintiff's vision improved following her two surgeries for cataracts. Tr. 16. The ALJ also noted that Plaintiff testified at the hearing that her vision was improved after the surgeries, as long as she wore glasses and updated her prescription. Tr. 16, 51. Accordingly, I find that the ALJ adequately supported his finding that Plaintiff's vision problems following her surgeries were nonsevere.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

---

[1] The ALJ posed a hypothetical to the VE that included time off task and missed days of work, but the ALJ ultimately adopted a different hypothetical as the RFC, which did not include those limitations. Tr. 18, 54-56.

/s/

Stephanie A. Gallagher
United States Magistrate Judge